UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23184-CIV-UNGARO/SIMONTON

SAIRA DIAZ, et al.,

    Plaintiffs,

v.

DOMINO'S PIZZA, LLC

    Defendant.
_____/

## ORDER ON PENDING DISCOVERY MOTIONS

    This matter arose on Defendant's Motion to Compel Discovery (DE # 33) and Plaintiffs' Supplemental Motion to Compel Discovery (DE # 34).  These motions are referred to the undersigned Magistrate Judge (DE ## 38, 39).  On Wednesday, June 2, 2010, a hearing on the motions was held at which time oral rulings were entered with respect to both motions.  This Order sets forth the oral rulings, and incorporates by reference the reasons stated on the record.

    Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA") to recover unpaid overtime compensation from Defendant.  They allege that they were employed in various take-out pizza restaurants owned by Defendant, that they worked a minimum of 55 hours per week, and that they were never paid overtime wages.  Plaintiffs claim that although they were given the title of "general manager," they devoted more than 40 percent of their work hours to non-administrative and non-executive duties (DE # 1).  In its Answer, Defendant has denied most of the allegations of the Complaint, and has asserted as an affirmative defense that Plaintiffs were exempt from the provisions of the FLSA (DE # 20).  Although the particular exemption claimed is not identified in the Answer, at the hearing Defendant confirmed that the claimed exemption was based on

the executive exemption due to their managerial function.  *See Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259 (11th Cir. 2008).

   I.   <u>**PLAINTIFFS' SUPPLEMENTAL MOTION TO COMPEL DISCOVERY(DE # 34)**</u>

In this Motion, Plaintiffs once again seek to compel Defendants to produce copies of the "shift reconciliation" computer screen printouts for each of the named plaintiffs, for the period of time commencing September 2006 to the present.  These documents were the subject of Plaintiffs' previously filed Motion to Compel (DE # 25).  At that time, counsel for Defendant represented that such documents were only kept for a limited period of time, and thus the only records in Defendant's possession were from March 10, 2010, to the present.  In addition, counsel represented that the exact same information that was present on these shift reconciliation records was also present on the time sheets and payroll records that had been provided by Defendant.

   At the hearing, it became clear Defendant actually possessed this information for a much longer period of time, and probably for the entire time period at issue in this case.  Defense counsel explained that his prior misstatement was due to the fact that those records were not accessible from corporate headquarters, and could only be obtained through the computer system located at the particular Domino's Pizza locations at which Plaintiffs worked.  Moreover, although defense counsel initially stated that the total number of hours worked appeared on the pay stubs, it became clear during the hearing that for these Plaintiffs, the pay stubs always listed "40" as the number of hours worked, rather than the actual number of hours, since Plaintiffs were classified as exempt employees and were not paid overtime.  In addition, although the times worked by Plaintiffs for each day, as reflected by the time clock records, appear on the time records provided by Defendant, as well as on the shift reconciliation sheets, the time

records do not reflect the total number of hours worked on a weekly basis, and it appears that the shift reconciliation records automatically provide a cumulative total of hours worked for each week.  Although Plaintiffs' counsel initially claimed that the time records were undecipherable and that she could not correlate them to each Plaintiff, the organization of the records was clarified at the hearing, and it appears that the time records can easily be related to each individual Plaintiff.  However, Plaintiffs still seek to avoid the cost of manually tallying the weekly work hours for the approximately three years at issue for each of the seven named plaintiffs, when such computations exist in Defendant's records.  Plaintiffs have agreed to limit Defendant's production to the shift reconciliation records on each relevant Sunday, which is the last day of the work week, and, thus, should contain the cumulative total of hours for each week.

Defendant has failed to establish that it would create an undue burden to produce this limited set of records with respect to the three plaintiffs who are no longer employed by Defendant, and therefore, they are required to produce such shift reconciliation records, for the period of time commencing October 21, 2006 (three years before the filing of this lawsuit), through the last date of employment for each Plaintiff.  However, with respect to the four Plaintiffs who are still employed by Defendant, and who therefore have access to the computer terminals at their location of employment and are able to print out their own shift reconciliation sheets, the undersigned has determined that it is appropriate to require them to bear the burden of printing out the sheets that they deem necessary to produce.  Defendant shall give Plaintiffs access to the computer system during their non-working hours so that they can obtain these documents, and these Plaintiffs shall provide to Defendant a copy of all the documents they obtain from Defendant's computer system.

Based upon the present discovery deadline of June 25, 2010, Defendant is required to produce the documents with respect to the three plaintiffs no longer employed by Defendant on or before June 16, 2010.

II.     **DEFENDANT'S MOTION TO COMPEL DISCOVERY**

This motion concerns the alleged failure by each Plaintiff to adequately respond to Interrogatories 5 and 7, which seek information concerning each Plaintiff's terms and conditions of employment, including all compensation they received during the course of their employment, the dates of the various positions they held, their bonuses and fringe benefits, and the hours they worked.

Plaintiffs state that they cannot provide better answers until they receive the above discovery from Defendant, which will set forth their hours with greater specificity, and which will enable them to determine whether they dispute the hours set forth in the time sheets previously provided by Defendant.

It is clear that Plaintiffs have not provided the detailed information which is sought by Defendant, and to which Defendant is entitled in order to determine the scope of Plaintiffs' claims.  Although, at this stage of the litigation, Plaintiffs should be able to provide much of the information sought by Defendant based upon their own recollection, combined with the detailed records provided by Defendant, the undersigned has determined that it is appropriate to defer their more complete response until seven days after Defendant provides its supplemental discovery.  The undersigned notes that it is unlikely that Defendant will be substantially harmed by this delay since Defendant can make its own calculations based on its own payroll and time records.  The major issue in this case appears to be whether Plaintiffs were appropriately classified as managers who were exempt from the provisions of the FLSA, as opposed to a dispute over the

number of hours actually worked.

### III. THE TIMING OF DISCOVERY

In sum, Defendant is required to produce its supplemental discovery responses on or before June 16, 2010.  All Plaintiffs are required to provide better answers to the interrogatories within 7 days from the date Defendant produces its supplemental discovery responses, and thus all Plaintiffs' discovery responses are due no later than June 23, 2010.  This leaves June 24th and June 25th as available dates before the close of discovery for the depositions of Plaintiffs to be taken by Defendant.  Both counsel have stated they have conflicts which preclude depositions on June 24th and June 25th.  Thus, the parties are urged to work together to meet their supplemental discovery obligations earlier.  If Defendant produces the discovery earlier, then Plaintiffs' responses will be due earlier, and Defendant will then be able to take Plaintiffs' depositions earlier.  In the alternative, Defendant may elect to depose a particular Plaintiff prior to receiving the supplemental discovery answers relating to that Plaintiff.  If a particular Plaintiff does not challenge the wages set forth in the payroll records, or the hours set forth in the time sheets, then that Plaintiff can respond to the interrogatories by stating that the information provided by Defendant accurately reflects his wages and the hours he worked, without the need for further calculation.  This does not relieve Plaintiffs of the obligation, however, to be able to make a meaningful demand at the court-ordered mediation for the damages they seek.  If the parties are unable to agree on earlier dates, the depositions of Plaintiffs will need to occur on June 24th and June 25th, absent an extension of the discovery deadline by the District Court, and the parties will need to re-arrange their conflicting schedules.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Discovery (DE # 33) and Plaintiffs' Supplemental Motion to Compel Discovery (DE # 34), are both **GRANTED IN PART**, as stated in the body of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 3, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record